# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 23, 2024

Lyle W. Cayce
Clerk

No. 22-20663

CONSOLIDATED WITH

No. 22-20664

———

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHARLES WENDELL THOMPSON,

*Defendant—Appellant*.

———

Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. 4:17-CR-566-3,
4:17-CR-414-3

———

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

In a consolidated jury trial, Charles Wendell Thompson was convicted of: two counts of conspiracy to unlawfully distribute and dispense controlled substances, in violation of 21 U.S.C. §§ 846 (prohibiting conspiracy), 841(a)(1) (banning distribution and dispensation of controlled substances),

———

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-20663
c/w No. 22-20664

841(b)(1)(C) (outlining penalty); and eight counts of aiding and abetting the unlawful distribution and dispensing of controlled substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), 18 U.S.C. § 2 (punishing as principals those who aid and abet crimes). Prosecuted for his work as a physician assistant at two medical clinics, Thompson contends the court reversibly erred by admitting improper drug-profiling evidence and failing to instruct the jury on the required *mens rea* under *Ruan v. United States*, 142 S. Ct. 2370, 2382 (2022).

Because Thompson did not preserve these issues in district court (as he concedes for the first issue), review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Thompson must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

For Thompson's assertion that the court admitted improper drug-profiling evidence, our court, in a recent opinion involving one of Thompson's co-defendants, addressed this exact issue. *See United States v. Pierre*, 88 F.4th 574, 579–80 (5th Cir. 2023) (rejecting contention under plain-error review). Our court explained that, because the co-defendant did not identify a drug-profiling ruling in the context of "pill mills", his contention failed on plain-error review. *Id.* at 580 ("Most profiling cases concern drug couriers . . . . In effect, [the co-defendant] would have us declare it 'obvious' error not to transplant our profiling cases into a realm where they fit awkwardly, if at all. That argument fails."); *see, e.g.*, *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010) ("An error is not plain under current law if a defendant's theory requires the extension of precedent."

2

No. 22-20663
c/w No. 22-20664

(citation omitted)); *United States v. Evans*, 892 F.3d 692, 696 (5th Cir. 2018) (defining "pill mill" as "an operation that prescribes drugs with no legitimate medical purpose"). Thompson, like his co-defendant, fails to identify any authority extending the prohibition of drug-profiling testimony to pill-mill proceedings. He has not shown, therefore, the requisite clear-or-obvious error. *See Pierre*, 88 F.4th at 580; *see also United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015) (explaining a "lack of binding authority is often dispositive in the plain-error context").

As for Thompson's other challenge, that the jury instructions failed to inform the jury of the proper *mens rea* under *Ruan*, we need not decide whether Thompson has shown the requisite clear-or-obvious error because "he has not shown that [the claimed plain] error affected his substantial rights". *Pierre*, 88 F.4th at 581; *see also Puckett*, 556 U.S. at 135 (explaining error affects substantial rights when it impacts outcome of proceedings). At trial, the Government presented "overwhelming evidence" that Thompson understood the "illegitimacy" of his actions. *Pierre*, 88 F.4th at 581 (citation omitted); *United States v. Ajayi*, 64 F.4th 243, 247 (5th Cir. 2023) ("[T]he defendant must *subjectively* understand the illegitimate nature of the distribution they facilitate to commit an offense under § 841(a)". (emphasis in original) (citing *Ruan*, 142 S. Ct. at 2381)).

AFFIRMED.